USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCIS HENRY RUGGIERO,

    Plaintiff,

-against-

C.O. LARRY WAY; SGT. R. BROWNE; SUPERINTENDENT LEROY FIELDS; MEDICAL STAFF THAT TREATED ME ON 1/24/19 APPROXIMATELY 10:30 P.M. FISHKILL CORRECTIONAL FACILITY; DEPT. OF SECURITY, FISHKILL CORRECTIONAL FACILITY,

    Defendants.

19-CV-3631 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff, currently incarcerated, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights.

The Court is in receipt of *pro se* Plaintiff's request, filed June 3, 2019. (ECF No. 11.) In that document, Plaintiff requests permission to add a statement to his Complaint, permission to move for discovery, and permission to hire assistance (which the Court interprets as a request for *pro bono* counsel). For the following reasons, Plaintiff's requests are denied.

## I. Request to add statement to Complaint

Plaintiff states that he would like to reserve his right to amend his Complaint at a later date, but then requests permission to add a statement to his Complaint. Plaintiffs are not permitted to add statements to pleadings. Rather, if they wish to change their complaint, they must amend the entire complaint. The previous complaint will no longer be considered, and the Court will only consider the content of the amended complaint. Plaintiffs may only amend their complaints one time without permission from the Court within twenty one days after the pleading is served or within twenty one days after service of a responsive pleading. Fed. R. Civ. P. Rule

15(a)(1). After that time, plaintiffs must receive consent from the opposing party or permission from the court to amend the complaint. Fed. R. Civ. P. Rule 15(a)(2).

Plaintiff's request to add a statement to his Complaint is denied.

## II. Request for permission to move for discovery

Defendants have not yet had the opportunity to respond to Plaintiff's Complaint. Therefore, this request is denied without prejudice to renew at a later date.

## III. Request for *pro bono* counsel

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may at its discretion order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit has set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60 – 62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61 – 62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should

determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

In his application, Plaintiff requests that the Court grant him permission to hire an investigator. Plaintiff is free to hire an investigator himself, but at this early stage, the Court cannot determine whether Plaintiff's position seems likely to be of substance.

Therefore, because the Court does not find any circumstances which warrant the appointment of *pro bono* counsel at this time, Plaintiff's request for the appointment of counsel is denied without prejudice to renew at a later date. The Clerk of the Court is respectfully directed to mail a copy of this Order to the Plaintiff at his address as listed on ECF and show proof of service on the docket.

Dated: June 07, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge