UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
FRANCIS HENRY RUGGIERO,

                                            19-CV-3631 (NSR)

                 Plaintiff,

       -against-

                                    **DECLARATION IN SUPPORT**
                                    **OF ORDER TO SHOW CAUSE**

C.O. LARRY WAY,

                 Defendant.
-----------------------------------------------------X

**KATHRYN MARTIN** declares as follows:

       1.      I am an Assistant Attorney General in the office of Letitia James, Attorney General of the State of New York.  This office represents C.O. Larry Way, the only remaining Defendant in this action.

       2.      I am familiar with the facts of this case and have reviewed the attached exhibits. This declaration is based upon personal knowledge except where stated otherwise.

       3.      Attached as Exhibit A is a true and correct copy of the Change of Address Notification dated December 26, 2019 (Docket No. 43).

       4.      Attached as Exhibit B is a true and correct copy the relevant court orders of January 20, 2021 (Docket No. 52), February 22, 2021 (Docket No. 53), April 2, 2021 (Docket No. 55), and June 24, 2021 (Docket No. 60).

       5.      Attached as Exhibit C is a true and correct copy the letter from Kathryn Martin to Plaintiff dated June 23, 2021.

6. Plaintiff Francis Henry Ruggiero (DIN: 18-A-3234), proceeding pro se, filed this lawsuit on April 23, 2019. *See* Docket No. 2.

7. Plaintiff has not participated in the matter for over a year and a half. Plaintiff's last communications with the Court was on December 30, 2019 when he submitted a change of address notification. The notification alerted the Court Plaintiff would be at his new address as of December 31, 2019 following his release from prison. *See* Ex. A.

8. Defendants moved for partial dismissal on December 16, 2019. *See* Docket Nos. 41, 42. Plaintiff did not submit opposition papers. *See generally* Docket.

9. The motion for partial dismissal was granted on August 31, 2020, *see* Docket No. 44, and the remaining Defendant answered the Amended Complaint on November 2, 2020, *see* Docket No. 45.

10. The Court issued a scheduling order dated January 20, 2021 setting a telephone conference with Magistrate Judge Judith C. McCarthy for February 22, 2021. *See* Exhibit B. A copy of the scheduling order was mailed to Plaintiff at his updated mailing address on January 21, 2021. *See* Docket entry dated January 21, 2012. Plaintiff did not appear at the February 22, 2021 telephone conference. *See* Docket, Minute Entry dated February 22, 2021.

11. The Court issued another scheduling order dated February 22, 2021 setting a telephone conference with Magistrate McCarthy for March 18, 2021 and warning Plaintiff that the failure to appear at this conference may result in sanctions, including dismissal of the action for failure to prosecute. *See* Exhibit B. A copy of the scheduling order was mailed to Plaintiff at his updated mailing address on February 23, 2021. *See* Docket entry dated February 23, 2021. Plaintiff did not appear at the March 18, 2021 telephone conference. *See* Docket, Minute Entry

dated March 18, 2021.  The Court directed Defendant to file a pre-motion letter to dismiss the action by April 2, 2021.  *Id.*

12.     By letter dated April 2, 2021, Assistant Attorney General Jennifer Gashi requested dismissal of the action, or in the alternative, permission to file a motion to dismiss the case for failure to prosecute.  *See* Docket No. 54.  Ms. Gashi explained that the last time she had contact with Plaintiff was in the beginning of December 2020 at which time Plaintiff informed her that he did not wish to continue with this case and he refused to participate in discussing discovery.  She further explained Plaintiff failed to appear for the two telephonic conferences before Magistrate McCarthy.

13.     By order dated April 2, 2021, the Court denied Defendant's request to dismiss the case *sua sponte* without prejudice to renew the request by formal motion at a later point.  *See* Exhibit B.  The Court directed Defendant to further confer with Plaintiff to determine if he intended to continue the litigation or if he was amenable to voluntarily dismissing the action.   The Court further noted that depending on the result of the outreach efforts, Defendant could file a letter motion seeking a pre-motion conference to discuss a proposed motion for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

14.     By letter to Plaintiff dated June 23, 2021, Defendant's counsel requested Plaintiff advise whether he planned on moving forward with the litigation or of he would be amenable to a voluntarily dismissal.  *See* Exhibit C.

15.     By letter dated June 23, 2021, Defendant's counsel updated the Court regarding its letter to the Plaintiff.  *See* Docket No. 59.

16.     The Court issued the following Order dated June 24, 2021: "In the event that Plaintiff does not communicate with Defendant's counsel on or before July 8, 2021, Defendants'

counsel is directed to promptly notify the Court in writing.  Also, at that time, Defendants may seek the appropriate remedy by order to show cause (in writing)." *See* Exhibit B.

17.     Plaintiff did not communicate with me on or before July 8, 2021.  Defendant notified the Court of this by letter dated July 9, 2021.  *See* Docket No. 61.

18.     Plaintiff has not communicated with me to date.

19.     Rule 41 of the Federal Rules of Civil Procedure allows the District Courts to dismiss an action when a plaintiff fails to comply with any order of the court.  *See* Fed. R. Civ. P. 41(b).  Specifically, the rule states, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* While drastic, the Court's power to order such relief "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

20.     Five factors are considered to determine if a Rule 41(b) dismissal is warranted: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules), (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

21.     Here, the five factors of Rule 41(b) dismissal are satisfied.  First, Plaintiff has failed to prosecute this action for over a year and a half: Plaintiff failed to oppose Defendants' Partial Motion to Dismiss; he refused to discuss discovery with AAG Gashi in December 2020; he failed to appear for court conferences in January and February 2021; and he has failed to respond to my

letter dated June 23, 2021. Plaintiff's failure to appear at scheduling conferences has prevented discovery deadlines from being met in the eight months since the remaining Defendant answered the Amended Complaint. *See Jones v. Harris*, No. 13 Civ. 1042 (NSR), 2016 WL 7174665, at *4 (S.D.N.Y. Dec. 6, 2016) (noting Plaintiff's inaction stymied the discovery process for almost a year); *Brow v. City of New York*, 391 Fed. Appx. 935, 937 (2d Cir. 2010) (dismissal upheld where inter alia "plaintiff had caused a delay of nearly six months between [ ] when his deposition was originally noticed [and] when he failed to appear for the final time"). While there is no set period of time that must elapse before a plaintiff's failure to prosecute warrants dismissal, "delays of several months have been found sufficient." *Farion v. Ezzo*, No. 19 Civ. 5477, 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (citing *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)).

22.     To the extent Plaintiff's failure to prosecute is due to changing addresses, he has been warned that his case could be dismissed if he failed to promptly update his address. *See* Order dated April 26, 2019, Docket No. 5. Indeed, Plaintiff has submitted change of address forms in the past, *see* Docket Nos. 5, 27, 29, 32, 34, 43, therefore any failure to do so now speaks to Plaintiff's lack of desire in prosecuting this case rather than a lack of ability to navigate the Court system. *Jones,* 2016 WL 7174665, at *4 (declining to excuse plaintiff's lack of responsiveness to his oft-changing address because the Court warned him that failure to keep his address current might result in dismissal of this action).

23.     Second, Plaintiff was on notice that failure to litigate this action could result in dismissal. *See* Docket Nos. 53, 55 & 60. When a plaintiff receives such a warning, "it is difficult to imagine how dismissal for unexplained non-compliance could be an abuse of discretion." *See Lucas*, 84 F.3d at 535.

24.     Third, prejudice to the Defendant from unreasonable delay may be presumed because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).  A plaintiff's unexcused delay prevents the defendant from effectively preparing his defense. *Samman v. Conyers*, 231 F.R.D. 163, 166 (S.D.N.Y. 2005) (finding that the plaintiff's repeated refusal to comply with court orders and prolonged refusal to advance his litigation, combined with the resulting prejudice to the defendant, justified dismissal of the case); *Dong v. United States*, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (holding that the plaintiff's "totally unexplained disappearance" was manifestly unreasonable and presumptively prejudiced the defendant).

25.     Fourth, a balancing of the court's interest in managing its docket is outweighed by Plaintiff's interest in receiving a fair chance to be heard as Plaintiff has not participated in the action since December 2019.  *See Davison v. Grillo*, No. 05 Civ. 4960, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendant['s] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future."); *Caussade*, 293 F.R.D at 631 ("Because [plaintiff] has made no effort to prosecute this action, it would be unfair to the numerous other litigants who await the attention of this Court to permit her suit to remain on the docket.").

26.     Fifth, the imposition of monetary sanctions would be inconsistent with Plaintiff's pro se and in forma pauperis status, and other alternative sanctions would be meaningless against a party who has completely failed to participate in the action for the previous eighteen months. *Jones*, 2016 WL 7174665, at *4 (doubting alternative sanctions would address plaintiff's conduct given his generally superficial responses to the proceedings); *Edwards v. Horn*, No. 10 Civ. 6194,

2012 WL 1292672, at *2 (S.D.N.Y. Apr. 13, 2012), report and recommendation adopted, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); ("Plaintiff's failure to prosecute and ... failures to appear at court-ordered conferences demonstrate that any lesser sanction would be an exercise in futility.) (quotation omitted).  Where, as here, Plaintiff appears to have abandoned the litigation, dismissal is proper.  *See Mena v. City of New York*, No. 15 Civ. 3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, inter alia, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

WHEREFORE, Plaintiff's Amended Complaint should be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Dated: White Plains, New York
      July 15, 2021

_____
        Kathryn Martin